UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAFESPAN PLATFORM SYSTEMS, INC.,
LAMBROS APOSTOLOPOULUS, and
PAUL KRISTEN INC.

                        Plaintiffs,                **COMPLAINT**

vs.                                                         Case No._____

EZ ACCESS, INC. AND
ANASTASIOS G. HATSIOS,

                        Defendants.               **DEMAND FOR**
                                                                          **JURY TRIAL**

---

Plaintiffs, Safespan Platform Systems, Inc., Lambros Apostolopoulus, and Paul Kristen Inc., by their attorneys, Damon & Morey LLP, as and for their Complaint against Defendants, EZ Access, Inc. and Anastasios G. Hatsios, allege as follows:

### JURISDICTION AND VENUE

1.    This action arises under the patent laws of the United States, more particularly 35 U.S.C. §§ 271, 281, as discussed below.

2.    This court has jurisdiction of the action under 28 U.S.C. § 1338. Any and all other non-patent claims arise under the same set of circumstances and are part of the same case or controversy as the patent claims, so that this court has supplemental jurisdiction of the non-patent claims under 28 U.S.C. § 1367(a).

3. Venue for this action is proper in this court under 28 U.S.C. § 1400(b) in that the Defendants each reside in this District and acts of infringement complained of have been committed in the Western District of New York.

## PARTIES

4. Plaintiff, Safespan Platform Systems, Inc. ("Safespan") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 252 Fillmore Avenue, Tonawanda, New York 14150.

5. Plaintiff, Lambros Apostolopoulus is an individual residing in the County of Erie, State of New York.

6. Plaintiff, Paul Kristen Inc. ("Kristen"), is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 252 Fillmore Avenue, Tonawanda, New York 14150.

7. Defendant, EZ Access ("EZA"), is a corporation organized and existing under the laws of the State of New York, having established a place of business at Worthington Business Park, 10 Roberts Avenue, Buffalo, New York 14202.

8. Defendant Anastasios G. Hatsios is an individual residing in the County of Erie, State of New York

9. Defendant Hatsios was an employee of the Plaintiff from March 1, 1996 to January 19, 2003, during which time he obtained confidential information regarding Safespan's bridge platform and method of erecting same.

10. For the sake of convenience, Safespan, Lambros Apostolopoulus, and Kristen will be collectively referred to herein as the "Plaintiffs."

11.  For the sake of convenience, EZA and Anastasios G. Hatsios will be collectively referred to herein as the "Defendants."

### PATENT No. '240

12.  On October 24, 2000, United States Patent Number 6,135,240 ('240), for a bridge platform and method of erecting same was duly and legally issued on an application filed by Lambros Apostolopoulus, a citizen of the United States, residing in the County of Erie, State of New York.

13.  A true and correct copy of the Patent '240 is attached hereto, marked **Exhibit A**.

14.  The applicant for this patent, Lambros Apostolopoulus, assigned all right, title, and interest in the application and any and any resulting patent to Kristen.

15.  Kristen duly licensed the patent '240 to Safespan for valuable consideration.

### PATENT No. '237

16.  On October 16, 2001, United States Patent Numbers 6,302,237 ('237), for a bridge platform and method of erecting same was duly and legally issued on an application filed by Lambros Apostolopoulus, a citizen of the United States, residing in the County of Erie, State of New York.

17.  A true and correct copy of Patent '237 is attached hereto, marked **Exhibit B**.

18.  The applicant for this patent, Lambros Apostolopoulus, assigned all right, title, and interest in the application and any and any resulting patent to Kristen.

19.  Kristen duly licensed patent '237 to Safespan for valuable consideration.

## INFRINGEMENT OF PATENT AND
## IDENTITY OF INFRINGERS

20. Defendants are manufacturing and selling certain products, specifically bridge platforms, that embody the subject matter of the United States Patent Nos. '240 and '237

21. Plaintiffs have given actual written notice of infringement United States Patent Nos. '240 and '237 to the Defendants.

22. Despite actual knowledge of Patents '240 and '237 and the infringement thereof, Defendants have knowingly and actively infringed and induced the infringement of the United States Patent Nos. '240 and '237 by manufacturing and/or selling a bridge platform system that directly competes with the Plaintiffs.

23. The Defendants have, therefore, infringed patents '240 and '237, among others, and will continue to infringe these patents unless enjoined by this Court.

**WHEREFORE**, Plaintiffs demand relief against Defendants as follows:

(1) An assessment and accounting of damages, only as against Defendant EZA;

(2) A preliminary and final injunction against continued infringement of Patent Numbers '240 and '237 against the Defendants;

(3) An accounting for damages against the Defendant Anastasios G. Hatsios; and

(4) An assessment of interest, costs and attorneys' fees against Defendants;

(5) A trebling of damages as against Defendants in view of the willful and deliberate nature of the infringement by Defendants; and

(6)  All other relief this Court may deem appropriate.

DATED:  Buffalo, New York
October 31, 2006

**DAMON & MOREY LLP**

By:  s/David S. Widenor
David S. Widenor, Esq.
*Attorneys for Plaintiff*
*Safespan Platform Systems, Inc.*
1000 Cathedral Place
298 Main Street
Buffalo, New York 14202
(716) 856-5500

-#1054340

5