UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAFESPAN PLATFORM SYSTEMS, INC.,
et al.,

                Plaintiffs,

                              **Hon. Hugh B. Scott**

                v.                          06CV726A

                              **Report
&
Recommendation**

EZ ACCESS, INC., et al.,

                Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5; see also text minute entry Mar. 24, 2010, continuing discovery before undersigned). The instant matter before the Court are (1) plaintiffs' motion to dismiss defendants' affirmative defenses (Docket No. 64[1]), and (2) defendants' cross-motion for leave to amend the Answer and Counterclaim (Docket No. 66, 67[2]). Responses to plaintiffs' motion were due by June 3, 2010, with replies due by June 18, 2010 (Docket No. 65). After defendants filed

---

[1] In support of this motion, plaintiffs submitted their memorandum of law, Docket No. 64; their reply memorandum, Docket No. 70; their attorney's affidavit with exhibits, Docket No. 71.
    In opposition, defendants submitted their cross-motion for leave to amend, Docket Nos. 66, 67, described in detail below.

[2] In support of this motion, defendants submitted their attorney's affirmation (with exhibits), their memorandum of law, Docket No. 66; and their proposed Second Amended Answer and Counterclaims, Docket No. 67. As noted above, in opposition, plaintiffs submitted their reply memorandum, Docket No. 70; and their attorney's affidavit with exhibits, Docket No. 71.

their motion, responses to all pending motions were due by June 18, 2010, with argument scheduled for June 23, 2010 (Docket No. 68). Eventually, the motions were argued on June 24, 2010, and decision was reserved (Docket No. 74; see also Docket No. 69).

Given the interrelated nature of these motions (and for judicial efficiency) the defense motion for leave to amend the Answer is decided in this Report rather than in a separate Order.

## BACKGROUND

This is a patent infringement action arising from the design and marketing of a certain bridge platform. Plaintiffs asserted that defendants infringed upon two patents plaintiffs held for a bridge platform (Docket No. 1, Compl. (referring to United States Patent Number 6,135,240 ("the '240 patent") and United States Patent Number 6,302,237 ("the '237 patent")). These patents "relate to bridge platforms which are erected beneath the deck of an existing bridge to support workers performing maintenance or other work on the bridge structure. The bridge platform system involves individual flooring panels that are laid upon horizontal cables that extend beneath the bridge." (Docket No. 54, Order from Markman[3] proceeding, Jan. 14, 2010, at 1-2.) Defendants answered and asserted defenses (among others) that the patents were unenforceable and were not infringed as well as asserted counterclaims for a declaratory judgment as to the invalidity of plaintiffs' patents and whether an infringement of the '237 patent had occurred (Docket No. 3). Plaintiffs replied to the Answer's Counterclaims (Docket No. 7).

After the Markman hearing before Judge Arcara (text minute entry May 13, 2009; see Docket No. 54) to construe disputed terms, the parties stipulated to the filing of an Amended

---

[3]Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

Complaint (Docket No. 49), which plaintiffs filed on June 23, 2009 (Docket No. 50). The Amended Complaint alleges infringement of the '240 patent (Docket No. 50, Count I) and of the '237 patent (id., Count II), seeking a declaration that both patents are valid and enforceable, enjoining defendants' infringement of these patents, as well as damages, costs, fees, and recall and destruction of infringing products (id. at page 6). Defendants answered the amended pleading on July 15, 2009 (Docket No. 51), denying any infringement or that the patents were valid and enforceable (id., Second, Third Affirmative Defenses). Defendants claimed that they independently designed and invented the devices in question (id., Fifth Affirmative Defense). They asserted counterclaims for declaratory judgment against the validity of the patents (id. at pages 8-10). Plaintiffs, in turn, answered these counterclaims on July 23, 2009 (Docket No. 52), including raising a defense that defendants' unenforceability allegations failed to comply with Rule 9(b) and its particularity requirements for alleging fraud (id. First Defense).

*Plaintiffs' Motion to Dismiss Defenses and Counterclaims*

Plaintiffs now seek to dismiss defendants' Third Affirmative Defense (asserting that the patents are not enforceable) and their two counterclaims (Docket No. 64), insofar as they relate to unenforceability (Docket No. 64, Pls. Memo. at 2). Plaintiffs argue that defendants' contentions of false statements to the Patent Examiner (see id. at 2-3; Docket No. 51, Am. Ans. Third Affirmative Defense subpara. e., f.[4]) were not pled with particularity under Federal Rule of Civil

---

[4]These subparagraphs asserted that

"e. Upon information and belief, Plaintiffs' Patents were obtained by fraud in that the applicant intentionally made false and misleading statements to the Patent Examiner.
"f. Upon information and belief, Plaintiffs' Patents were obtained by fraud in that the applicant failed to call to the attention of the Patent Examiner prior art public knowledge and uses of which he had knowledge and over which the alleged inventions were not patentable."

3

Procedure 9(b) (Docket No. 64, Pls. Memo. at 4). They also conclude that these defense contentions lack any factual support (id. at 5-7).

In their reply, plaintiffs note that they asked defendants to withdraw several other defenses that lacked an identified evidentiary basis, with defendants agreeing to withdraw the affirmative defenses of written description, enablement, best mode, and indefiniteness (Docket No. 70, Pls. Reply Memo. at 6; cf. Docket No. 66, Defs. Memo. at 5 n.1) and defendants withdrew them in their proposed Second Amended Answer (cf. Docket No. 67). Plaintiffs now seek to have these affirmative defenses stricken (Docket No. 70, Pls. Reply Memo. at 6).

*Defendants' Motion to Amend the Answer*

In an attempt to cure these defects (and noting that defendants had changed counsel during the course of this litigation (see Docket No. 66, Defs. Atty. Affirm. ¶ 2)), defendants now move for leave to amend the Answer and Counterclaims (Docket No. 66). In particular, defendants propose to restructure their Third Affirmative Defense, stating in subparagraph b. that the patents were obtained by fraud in that the applicant made false and misleading statements to the Patent Examiner, giving as an example an alleged false statement that plaintiff Lambros Apostolopoulos was the sole inventor of the inventions (Docket No. 67, proposed 2d Am. Ans., Third Affirmative Defense subpara. b.). That defense also would be amended to eliminate allegations surrounding the description of the inventions (compare Docket No. 51, Am. Ans., Third Affirmative Defense subparas. b., c. with Docket No. 67, proposed 2d Am. Ans., Third Affirmative Defense). The amendment augments the defense assertion of independent invention of the products (Docket No. 67, proposed 2d Am. Ans., Fifth Affirmative Defense) and

---

Docket No. 51, Am. Ans., Third Affirmative Defense, subparas. e., f.

plaintiffs' unclean hands as bar to their recovery (id., Eleventh Affirmative Defense) (cf. Docket No. 51, Am. Ans., Fifth and Eleventh Defenses). Defendants also propose to add a new affirmative defense that plaintiffs are barred by patent misuse (for example alleged misrepresentations about this action to defendants' customers) (Docket No. 67, proposed 2d Am. Ans. Fourteenth Affirmative Defense). They assert new counterclaims for violation of the Lanham Act and for unfair competition under New York State law (id., Third and Fourth Counterclaims).

In their reply, plaintiffs argue that the motion to amend should be denied as being unduly prejudicial to them where defendants assert new claims unrelated to those at issue in this case originally (Docket No. 70, Pls. Reply Memo. at 7). They object to inclusion of the Lanham Act claims as being unrelated to the patent infringement claims in this action (id.) and contend that the phrase "bridge platforms" is generic and not trade mark protected (id. at 7-8). Plaintiffs claim that they registered "bridgeplatform.com" before defendants adopted the name "Bridge Platforms" or launched their website "bridgeplatforms.com" (id. at 8; Docket No. 71, Pls. Atty. Aff. ¶¶ 2-5, Exs. A-D). Plaintiffs next argue that the patent misuse defense is insufficient as a matter of law (Docket No. 70, Pls. Reply Memo. at 10). Plaintiffs also argue that the amendments to the affirmative defense regarding the validity of the patents remain insufficient because it fails to allege factual basis for identifying the purported inventor (id. at 1, 2-3, 4-5) or identified the so-called false and misleading statements of plaintiff Apostolopoulos claiming to be the inventor before the Patent Examiner (id. at 4).

**DISCUSSION**

I.   Standards

    A.   Motion to Dismiss Answer and Counterclaims

Under Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud, including inequitable conduct, see <u>Ferguson Beauregard/Logic Controls v. Mega Sys., LLC</u>, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (Docket No. 64, Pl. Memo. at 4), must "state with particularity the circumstances constituting the fraud," Fed. R. Civ. P. 9(b); see <u>Moore U.S.A., Inc. v. The Standard Register Co.</u>, 139 F. Supp. 2d 348, 359 (W.D.N.Y. 2001) (Curtin, J.) (Docket No. 64, Pl. Memo. at 4). The failure to plead fraud with sufficient particularity is best raised in the first responding paper and failure to do so will be deemed as a waiver of this defense, Jeffrey A. Parness, 2 <u>Moore's Federal Practice–Civil</u> § 9.03[5] & n. 56 (2010); see <u>Todaro v. Orbit Int'l Travel, Ltd.</u>, 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991). The reason for the higher pleading standards for fraud is the concern that unsupported allegations of fraud "can seriously damage reputation, often involve strike suits, and fail to provide adequate notice," 2 <u>Moore's Federal Practice–Civil</u> § 9.03[7], [1][a]. As noted by a commentator on Rule 9 "The requirements of Rule 9(b) effectively prevent a claimant from searching for a valid claim after a civil action has been commenced," <u>id.</u> § 9.03[1][a] & n.8; see <u>Harrison v. Westinghouse Savannah R. Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999).

    B.   Leave to Amend a Pleading

Amendment of an Answer containing counterclaims is governed by Rule 15, see <u>Aetna Cas. & Sur. Co. v. Abbott</u>, 130 F.2d 40, 44 (4th Cir. 1942); <u>McMillan v. Massachusetts SPCA</u>, 168 F.R.D. 94 (D. Mass. 1995). Under Federal Rule of Civil Procedure 15(a) amendment of

6

pleadings after the time to do so as of right requires either consent of all parties (clearly not present here) or by leave of the Court, Fed. R. Civ. P. 15(a)(2). Motions for leave to amend a pleading are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); see also Aetna Cas. & Sur., supra, 130 F.2d at 44. "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

II.     The Amended Answer

The Court first considers defendants' motion for leave to amend their Amended Answer and Counterclaims because, if granted leave to amend, the amended pleading would supercede the pleading that is the subject of the pending dismissal motion, see Washer v. Bullitt, 110 U.S. 558, 562 (1884); Express Cos., Inc. v. Lifeguard Med. Solutions, LLC, No. 10CV78, 2010 U.S. Dist. LEXIS 64104 (S.D. Cal. June 24, 2010), and renders moot the pending motion to dismiss affirmative defenses and counterclaims in the prior pleading, see, e.g., Sanchez v. GMAC Mortgage, LLC, No. 2:09CV3341, 2010 U.S. Dist. LEXIS 12358, at *2 (E.D. Cal. 2010); Banks v. Realty Mgmt. Serv., Inc., No. 1:10CV14, 2010 U.S. Dist. LEXIS 7501, at *4-5 (E.D. Va. Jan. 29, 2010). Defendants here sought leave to amend to address some of the plaintiffs' contentions raised in their motion to dismiss (see Docket No. 67, Defs. Memo. at 3).

A.      Third Affirmative Defense

Plaintiffs compare the allegations in the proposed Second Amended Answer with defendants' discovery, concluding that the discovery produced does not support defendants' invention claims, concluding that the amendment does not allege with particularity "what aspects of the claimed invention were supposedly invented by any of these three individuals [named in the Second Amended Answer], nor does it set forth the factual basis for making such claims" (Docket No. 70, Pls. Reply at 3-5, 5 (emphasis in original omitted)).  They fault the amendment for not asserting specific facts and misleading statements to support the amended Third Affirmative Defense (id. at 5-6).  Even with the amendments the Third Affirmative Defense still does not allege particulars, such as the alleged false or misleading statements to the Patent Examiner and how plaintiff Apostolopoulos knew that his claim of sole invention of the device was false.

Upon review of the proposed amendment, the Court finds that defendants have not particularized the contention that plaintiffs made false and misleading statements to obtain the patents.  Defendants propose to assert that there was fraud from "false and misleading statements to the Patent Examiner" (see Docket 67, Defs. Proposed 2d Am. Ans. Third Affirm. Defense subpara. b.), including plaintiff Apostolopoulos' statement declaring his invention of these devices (id.).  While describing how false these statements were by identifying others who claim inventing these bridge platforms, defendants do not specify when and where these statements were made, who (aside from Apostolopoulos) made these false statements, cf. 2 Moore's Federal Practice–Civil § 3.09[1][b] & n.12 (listing common facts to allege the circumstances constituting fraud); Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009) (pleading

8

inequitable conduct in patent cases, Rule 9(b) requires identification of specific who, what, when, where, and how of material misrepresentation committed before Patent and Trademark Office); Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1127-28 (2d Cir. 1994) (in securities fraud, plaintiff must specify alleged fraudulent statement, identity of speaker, place where statement was made, and explanation why statement was fraudulent). Defendants' motion for leave to amend this defense is **denied, without prejudice**; defendants could amplify their assertion and give more particularity as to the false and misleading statements they claim lead to issuance of plaintiffs' patents.

    B.    Counterclaim

Plaintiffs also contend that they would be unduly prejudiced by the amendment since it asserts counterclaims unrelated to the patent infringement claims in this action (id. at 7), see Smith v. Cadbury Beverages, 942 F. Supp. 150, 160 (W.D.N.Y. 1996) (Larimer, Ch. J.). As was previously found by this Court in another case, "prejudice may result where the amendment seeks to add a new claim, derived from a different set of facts of which the original [pleading] did not provide adequate notice," Chapman v. YMCA of Greater Buffalo, 161 F.R.D. 21, 24 (W.D.N.Y. 1995) (Heckman, Mag. J.) (denying leave to amend Title VII action for an individual to assert claim under 42 U.S.C. § 1981 on behalf of himself and the "Black Community of Buffalo"). In Smith, the plaintiff had alleged discrimination in violation of Title VII and the New York State Human Rights Law and sought leave to amend his complaint to add an additional retaliation claim and a claim under the Americans with Disabilities Act, Smith, supra, 942 F. Supp. at 159. Judge Larimer found that these new claims were based upon different factual circumstances and, in effect, opened up "an entirely new lawsuit," id. at 160.

9

Defendants' motion to amend here would add Lanham Act and cybersquatting claims to a patent infringement action with the only commonality between the present action and these new claims is the concept of "bridge platforms," whether as a patented device or as a trade name or as part of a domain name. These distinct areas of intellectual property are sufficiently different that to allow an amendment to add these counterclaims would require plaintiffs to contend with a new lawsuit distinct from the issues they raise regarding the validity of the patents that were the start of this action. Even the use of the patent misuse defense as a "bridge" (no pun intended) between the patent infringement claims and the cybersquatting claims (<u>see also</u> Docket No. 70, Pls. Reply Memo. at 10-11) is of no avail; as plaintiffs argue (<u>id.</u>), registration of a domain name has nothing to do with the patent of a device, showing distinct nature of these claims.

Therefore, defendants' motion for leave to amend is **denied**.

III.    Motion to Dismiss Affirmative Defenses

After consideration of amendment to the Answer, the Court next contends with plaintiffs' motion to dismiss the affirmative defenses that remain after the amendment discussion above. First, defendants agree to withdraw certain affirmative defenses (as reflected in the proposed Amended Answer, Docket No. 66, Defs. Memo. at 5 n.1); those defenses should be deemed **dismissed**.

As for the remaining affirmative defenses, plaintiffs seek dismissal of the non-enforceability defense in the Third Affirmative Defense because they were not plead with particularity. Related to the non-enforceability defense is defendants' counterclaim seeking a declaration that plaintiffs' claimed patents are invalid and a declaration whether there was an

infringement of those patents by defendants. Plaintiffs also seek dismissal of this counterclaim on similar particularity of pleading grounds.

Defendants attempted to cure the particularity deficiencies in the Third Affirmative Defense in seeking to amend the Answer. Given the discussion above rejecting that amendment, the Court finds that the original pleading is deficient, failing to set forth how plaintiffs purportedly obtained these patents by fraud (compare Docket No. 51, 1st Am. Ans. Third Affirm. Defense subparas. e., f. with Docket 67, Defs. Proposed 2d Am. Ans. Third Affirm. Defense subpara. b.).

Defendants' Second Affirmative Defense asserts non-infringement of the two patents, while the Third Affirmative Defense and Counterclaim challenge the validity and enforceability of these patents. These go to the heart of the case–whether patents '237 and '240 are valid and whether defendants infringed upon them–yet defendants fail to allege with particularity the deficiencies in these patents in these allegations. Their Fifth Affirmative Defense claims that defendants independently designed and invented these devices and the Eleventh Affirmative Defense raises the defense of unclean hands, and these defenses are not being challenged by plaintiffs in this motion. Although defendants fail to state with particularity whether these patents are enforceable, they will still have defenses that reach the fundamental question of the validity of these patents.

Rather than recommend outright dismissal of the unenforceability defense based upon the current state of pleading, defendants will be given a further opportunity to amplify their assertions on this defense, on the briefing schedule set forth below in the Conclusion of this

Report.  As a result, plaintiffs' pending dismissal motion should be **held in abeyance pending any further motion practice by defendants**.

## CONCLUSION

Based upon the above, defendants' motion for leave to amend their Answer (Docket Nos. 66, 67) is **denied without prejudice**.  Defendants shall file a renewed motion for leave to amend their Answer (including the proposed amendment) by **September 30, 2010**; plaintiffs may respond to this motion by **October 15, 2010**; and this motion will be deemed submitted, without oral argument, on **October 15, 2010**.

Further, based upon the foregoing, it is recommended that plaintiffs' motion (Docket No. 64) to dismiss defendants' Third Affirmative Defense and counterclaims regarding the enforceability of plaintiffs' patents in their First Amended Answer (Docket No. 51) should be **held in abeyance pending defendants' renewed motion for leave to amend this defense**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 2, 2010