UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAFESPAN PLATFORM SYSTEMS, INC.,
LAMBROS APOSTOLOPOULOS, and
PAUL KRISTEN INC.,

         Plaintiffs,

vs.

EZ ACCESS, INC., ANASTASIOS G. HATSIOS,
BRIDGEPLATFORMS, INC., GEORGE HATSIOS,
and LINDA LEE NOLTEE,

         Defendants.

**ANSWER TO COUNTERCLAIMS**

Case No. 06-CV-726A/Sc

**JURY TRIAL DEMANDED**

---

  Plaintiffs Safespan Platform Systems, Inc., Lambros Apostolopoulos and Paul Kristen Inc. (collectively, "Plaintiffs"), by their attorneys, Phillips Lytle LLP, hereby answer the Counterclaims of defendants EZ Access, Inc., Anastosios G. Hatsios, Bridgeplatforms, Inc., George Hatsios and Linda Lee Noltee (collectively, "Defendants"), as follows:

<u>DEFENDANTS' FIRST COUNTERCLAIM</u>

  1. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Counterclaims, and therefore deny same.

  2. Admitted.

  3. Admitted.

  4. Admitted.

  5. Admitted.

  6. Paragraph 6 of the Counterclaims states legal conclusions to which no response is required.

7. Plaintiffs admit that there is a justiciable controversy between the parties with respect to defendants' First Counterclaim, and deny the remaining allegations in paragraph 7 of the Counterclaims.

8. Paragraph 8 of the Counterclaims is merely descriptive of Defendants' counterclaim and, as such, does not require a specific response. To the extent paragraph 8 contains allegations of fact to which responsive pleading is required, Plaintiffs deny each and every such allegation.

9. Denied.

10. Paragraph 10 of the Counterclaims states legal conclusions to which no response is required. To the extent that paragraph 10 contains allegations of fact to which responsive pleading is required, Plaintiffs admit that Plaintiffs instituted this infringement suit against Defendants; admit that, with Court approval or by stipulation, or otherwise in accordance with the Federal Rules of Civil Procedure, Plaintiffs could dismiss this action prior to final adjudication; and admit that Defendants and third parties which infringe the patents-in-suit may be subject to litigation; and Plaintiffs deny the remaining allegations in paragraph 10.

11. Denied.

## DEFENDANTS' SECOND COUNTERCLAIM

12. Plaintiffs reallege their responses to paragraphs 1 through 11 of the Counterclaims.

13. Paragraph 13 of the Counterclaims states legal conclusions to which no response is required.

- 3 -

14. Plaintiffs admit that there is a justiciable controversy between the parties with respect to defendants' Second Counterclaim, and deny the remaining allegations in paragraph 14 of the Counterclaims.

15. Paragraph 15 of the Counterclaims is merely descriptive of Defendants' counterclaim and, as such, does not require a specific response. To the extent paragraph 15 contains allegations of fact to which responsive pleading is required, Plaintiffs deny each and every such allegation.

16. Denied.

17. Paragraph 17 of the Counterclaims states legal conclusions to which no response is required. To the extent that paragraph 17 contains allegations of fact to which responsive pleading is required, Plaintiffs admit that Plaintiffs instituted this infringement suit against Defendants; admit that, with Court approval or by stipulation, or otherwise in accordance with the Federal Rules of Civil Procedure, Plaintiffs could dismiss this action prior to final adjudication; and admit that Defendants and third parties which infringe the patents-in-suit may be subject to litigation; and Plaintiffs deny the remaining allegations in paragraph 17.

18. Denied.

19. Plaintiffs deny each and every other allegation in Defendants' Counterclaims not heretofore admitted, denied or otherwise controverter.

**FIRST DEFENSE**

Defendants' allegations of unenforceability fail to comply with Fed. R. Civ. P. 9(b) which requires Defendants to "state with particularity the circumstances constituting fraud or mistake."

**SECOND DEFENSE**

Defendants fail to state a claim upon which relief may be granted.  At least paragraphs 8, 10, 11, 15, 17 and 18 of the Counterclaims are vague, ambiguous and indefinite, and fail to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Defendants are barred from recovery, in whole or in part, under the doctrine of unclean hands.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues triable of right by jury.

**WHEREFORE**, Plaintiffs respectfully request, in addition to the relief requested in the First Amended Complaint, that judgment be entered against Defendants as follows:

(1) Declaring that Defendants have infringed, induced the infringement of and/or contributed to the infringement of the '240 patent, and denying Defendants' request for entry of a judgment of non-infringement;

(2) Declaring that Defendants have infringed, induced the infringement of and/or contributed to the infringement of the '237 patent, and denying Defendants' request for entry of a judgment of non-infringement;

(3) Declaring that the '240 patent and the '237 patent are valid and enforceable, and denying Defendants' request for a judgment of invalidity, unenforceability and/or cancellation;

(4) Declaring that Defendants are not entitled to any of the relief sought in the Counterclaims;

(5) Dismissing the Counterclaims with prejudice;

- 5 -

    (6)    Granting the relief requested in the Complaint;

    (7)    Granting Plaintiffs interest, costs and reasonable attorneys' fees;

    (8)    Granting treble damages as against Defendants in view of the willful and deliberate nature of the infringement by Defendants; and

    (9)    Granting all other relief that this Court may deem appropriate.

DATED:    Buffalo, New York
              December 1, 2010

                                    PHILLIPS LYTLE LLP

                                    By:    s/ Michael J. Berchou
                                            Michael J. Berchou
                                            Rowland Richards
                                  3400 HSBC Center
                                  Buffalo, NY  14203-2887
                                  (716) 847-8400
                                  Fax:  (716) 852-6100
                                  mberchou@phillipslytle.com
                                  rrichards@phillipslytle.com

                                  Attorneys for Plaintiffs

Doc # 01-2306716.2