UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAFESPAN PLATFORM SYSTEMS, INC.,
et al.,

                Plaintiffs,

**Hon. Hugh B. Scott**

v.                                                     06CV726A

**Report
&
Recommendation**

EZ ACCESS, INC., et al.,

                Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5; see also text minute entry Mar. 24, 2010, continuing discovery before undersigned). The instant matter before the Court is plaintiffs' motion to dismiss defendants' affirmative defenses (Docket No. 64[1]). Defendants also moved for leave to amend their Answer (Docket Nos. 60, 67, 78), which was eventually granted (Docket Nos. 88, 89; see also Docket Nos. 77, 92). Defendants filed their Second Amended Answer (Docket Nos. 91, 90 (containing affirmative defense omitted in corrected pleading), which addressed many of plaintiffs' objections to the earlier pleading. Plaintiffs filed an Answer to the amended Counterclaims (Docket No. 93).

---

[1]In support of this motion, plaintiffs submitted their memorandum of law, Docket No. 64; their reply memorandum, Docket No. 70; their attorney's affidavit with exhibits, Docket No. 71.
    In opposition, defendants submitted their cross-motion for leave to amend, Docket Nos. 66, 67.

Following the filing defendants' amended answer, they were to respond to plaintiffs' pending motion to dismiss by January 6, 2011, and that motion was deemed submitted on January 6, 2011 (Docket No. 89). Plaintiffs later moved for partial summary judgment to dismiss the co-inventionship defense (Docket No. 100).

Familiarity with the prior Report & Recommendation (Docket No. 77) and Orders relevant to defendants' motion for leave to amend (Docket Nos. 88, 89) is presumed.

**BACKGROUND**

This is a patent infringement action arising from the design and marketing of a certain bridge platform. Plaintiffs asserted that defendants infringed upon two patents plaintiffs held for a bridge platform (Docket No. 1, Compl. (referring to United States Patent Number 6,135,240 ("the '240 patent") and United States Patent Number 6,302,237 ("the '237 patent")). These patents "relate to bridge platforms which are erected beneath the deck of an existing bridge to support workers performing maintenance or other work on the bridge structure. The bridge platform system involves individual flooring panels that are laid upon horizontal cables that extend beneath the bridge." (Docket No. 54, Order from Markman[2] proceeding, Jan. 14, 2010, at 1-2.) Defendants answered and asserted defenses (among others) that the patents were unenforceable and were not infringed and counterclaimed for a declaratory judgment as to the invalidity of plaintiffs' patents and whether an infringement of the '237 patent had occurred (Docket No. 3). Plaintiffs replied to the Answer's Counterclaims (Docket No. 7).

---

[2]Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

After the Markman hearing before Judge Arcara (text minute entry May 13, 2009; see Docket No. 54) to construe disputed terms, the parties stipulated to the filing of an Amended Complaint (Docket No. 49), which plaintiffs filed on June 23, 2009 (Docket No. 50). The Amended Complaint alleges infringement of the '240 patent (Docket No. 50, Count I) and of the '237 patent (id., Count II), seeking a declaration that both patents are valid and enforceable, enjoining defendants' infringement of these patents, as well as damages, costs, fees, and recall and destruction of infringing products (id. at page 6). Defendants answered the amended pleading on July 15, 2009 (Docket No. 51), denying any infringement or that the patents were valid and enforceable (id., Second, Third Affirmative Defenses). Defendants claimed that they independently designed and invented the devices in question (id., Fifth Affirmative Defense). They asserted counterclaims for declaratory judgment against the validity of the patents (id. at pages 8-10). Plaintiffs, in turn, answered these counterclaims on July 23, 2009 (Docket No. 52), including raising a defense that defendants' unenforceability allegations failed to comply with Rule 9(b) and its particularity requirements for alleging fraud (id. First Defense).

*Plaintiffs' Motion to Dismiss Defenses and Counterclaims*

Plaintiffs sought to dismiss defendants' Third Affirmative Defense (asserting that the patents are not enforceable) and their two counterclaims (Docket No. 64), insofar as they relate to unenforceability (Docket No. 64, Pls. Memo. at 2). Plaintiffs argue that defendants' contentions of false statements to the Patent Examiner (see id. at 2-3; Docket No. 51, Am. Ans. Third Affirmative Defense subpara. e., f.) were not pled with particularity under Federal Rule of Civil Procedure 9(b) (Docket No. 64, Pls. Memo. at 4). They also conclude that these defense contentions lack any factual support (id. at 5-7).

3

In their reply, plaintiffs note that they asked defendants to withdraw several other defenses that lacked an identified evidentiary basis, with defendants agreeing to withdraw the affirmative defenses of written description, enablement, best mode, and indefiniteness (Docket No. 70, Pls. Reply Memo. at 6; cf. Docket No. 66, Defs. Memo. at 5 n.1) and defendants withdrew them in their proposed Second Amended Answer (cf. Docket No. 67). Plaintiffs now seek to have these affirmative defenses stricken (Docket No. 70, Pls. Reply Memo. at 6).

*Defendants' Motion to Amend the Answer*

In an attempt to cure these defects (and noting that defendants had changed counsel during the course of this litigation (see Docket No. 66, Defs. Atty. Affirm. ¶ 2)), defendants moved for leave to amend the Answer and Counterclaims (Docket No. 66). In particular, defendants propose to restructure their Third Affirmative Defense, stating in subparagraph b. that the patents were obtained by fraud in that the applicant made false and misleading statements to the Patent Examiner, giving as an example an alleged false statement that plaintiff Lambros Apostolopoulos was the sole inventor of the inventions (Docket No. 67, proposed 2d Am. Ans., Third Affirmative Defense subpara. b.). That defense also would be amended to eliminate allegations surrounding the description of the inventions (compare Docket No. 51, Am. Ans., Third Affirmative Defense subparas. b., c. with Docket No. 67, proposed 2d Am. Ans., Third Affirmative Defense). The amendment augments the defense assertion of independent invention of the products (Docket No. 67, proposed 2d Am. Ans., Fifth Affirmative Defense) and plaintiffs' unclean hands as bar to their recovery (id., Eleventh Affirmative Defense) (cf. Docket No. 51, Am. Ans., Fifth and Eleventh Defenses). Defendants also propose to add a new affirmative defense that plaintiffs are barred by patent misuse (for example alleged

4

misrepresentations about this action to defendants' customers) (Docket No. 67, proposed 2d Am. Ans. Fourteenth Affirmative Defense). They assert new counterclaims for violation of the Lanham Act and for unfair competition under New York State law (id., Third and Fourth Counterclaims).

Defendants' motion for leave to amend was denied without prejudice for defendants to plead with more specificity their claims that plaintiffs made false and misleading statements to the Patent Examiner in obtaining these patents (Docket No. 77, Report & Recommendation at 7-9), later finding that the original Third Affirmative Defense was deficient (id. at 11). Defendants also were denied leave to amend their Answer to assert counterclaims for cybersquatting and Lanham Act claims (id. at 9-10). Certain defenses defendants intended to withdraw were deemed dismissed (id. at 10) and consideration of dismissal of the Third Affirmative Defense was held in abeyance pending a renewed defense motion for leave to amend the Answer (id. at 10-12).

Defendants then filed their second motion for leave to amend (Docket No. 78), which was granted (Docket Nos. 88, 89), holding that the amended Answer did not unduly prejudice plaintiffs and was not futile (Docket No. 88, Order at 8).

*Motion to Compel*

Meanwhile, defendants moved for plaintiffs to produce certain documents or admit they did not exist (Docket No. 86). After some extensive briefing (see Docket Nos. 94, 95, 96), the parties resolved that dispute and the motion was withdrawn (see Docket No. 99). While this motion was pending, the Scheduling Order discovery deadlines were held in abeyance (Docket No. 87).

**DISCUSSION**

5

As previously stated (Docket No. 77, Report & Recommendation at 7), the amended pleading would supercede the pleading that is the subject of the pending dismissal motion, see Washer v. Bullitt, 110 U.S. 558, 562 (1884); Express Cos., Inc. v. Lifeguard Med. Solutions, LLC, No. 10CV78, 2010 U.S. Dist. LEXIS 64104 (S.D. Cal. June 24, 2010), and renders moot the pending motion to dismiss affirmative defenses and counterclaims in the prior pleading, see, e.g., Sanchez v. GMAC Mortgage, LLC, No. 2:09CV3341, 2010 U.S. Dist. LEXIS 12358, at *2 (E.D. Cal. 2010); Banks v. Realty Mgmt. Serv., Inc., No. 1:10CV14, 2010 U.S. Dist. LEXIS 7501, at *4-5 (E.D. Va. Jan. 29, 2010).

I.      Standards– Motion to Dismiss Answer and Counterclaims

Under Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud, including inequitable conduct, see Ferguson Beauregard/Logic Controls v. Mega Sys., LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (Docket No. 64, Pl. Memo. at 4), must "state with particularity the circumstances constituting the fraud," Fed. R. Civ. P. 9(b); see Moore U.S.A., Inc. v. The Standard Register Co., 139 F. Supp. 2d 348, 359 (W.D.N.Y. 2001) (Curtin, J.) (Docket No. 64, Pl. Memo. at 4).  As previously stated (Docket No. 77, Report & Recommendation at 6), the reason for the higher pleading standards for fraud is the concern that unsupported allegations of fraud "can seriously damage reputation, often involve strike suits, and fail to provide adequate notice," 2 Moore's Federal Practice–Civil § 9.03[7], [1][a].  As noted by a commentator on Rule 9 "The requirements of Rule 9(b) effectively prevent a claimant from searching for a valid claim after a civil action has been commenced," id. § 9.03[1][a] & n.8; see Harrison v. Westinghouse Savannah R. Co., 176 F.3d 776, 784 (4th Cir. 1999).

II.     Application

The issue is now whether the remaining disputed contention, the Third Affirmative Defense in the Second Amended Answer (Docket No. 91, at 3-5; cf. Docket No. 51, First Amended Ans. at 5, Third Affirm. Def. subpara. e.), should be dismissed. The Court will need to compare the new Answer with the objections raised in plaintiffs' motion, since the amended pleading superseded the objectionable pleading that plaintiffs moved to dismiss. This analysis differs slightly from the leave to amend standard of futility of amendment, since said standard asked the question whether the party should be allowed to amend to make this revised assertion. Dismissal here would be based upon defendants' failure to plead fraud with specificity under Rule 9(b) and not whether it was impossible or futile to so plead.

As presently asserted the Third Affirmative Defense asserts particular dates when misrepresentations (that plaintiff Lambros Apostopolos was the sole inventor and his failure to identify co-inventors) were made to the Patent Examiner for plaintiffs' two patents (id. at 4, Third Affirmative Defense subpara. b.). Plaintiffs' objection to the First Amended Answer's version of this defense was the absence of particularity now present in the Second Amended Answer. Thus, plaintiffs' motion to dismiss this defense should be **denied**.

III.    Amended Schedule

When defendants moved to compel (Docket No. 6), this Court held in abeyance the discovery deadlines in the current Scheduling Order (Docket No. 87; see Docket No. 82) pending resolution of that motion. With defendants' withdrawal of that motion (see Docket No. 99), an amended schedule is needed.

The current Seventh Amended Scheduling Order (Docket No. 82) is amended as follows: Fact discovery to be completed by **May 4, 2011**; parties to identify expert witnesses by **July 12, 2011**; parties' expert reports due by **August 15, 2011**; all expert discovery to be completed by **October 17, 2011**. Dispositive motions are due by **December 2, 2011**. As necessary, pretrial statement deadlines, and scheduling for Final Pretrial Conference and Trial dates will be by a separate Order from Judge Arcara.

## CONCLUSION

Based upon the above, it is recommended that plaintiffs' motion (Docket No. 64) to dismiss defendants' Third Affirmative Defense and counterclaims regarding the enforceability of plaintiffs' patents in their First Amended Answer (Docket No. 51) should be **denied**.

The current Scheduling Order (Docket No. 82) is amended as stated in part III of this Report above.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 17, 2011