UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAFESPAN PLATFORM SYSTEMS, INC., et al.,

                        Plaintiffs,

                                                           **Hon. Hugh B. Scott**

                          v.                                                 06CV726A

                                                                **Report
&
Recommendation**

EZ ACCESS, INC., et al.,

                        Defendants.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5; see also text minute entry Mar. 24, 2010, continuing discovery before undersigned). The instant matter before the Court is defendants' motion to preclude certain evidence of plaintiffs' lost profits as a discovery sanction (Docket No. 160[1]). Responses to this motion were due by September 15, 2011 (Docket No. 163), which were timely filed (Docket Nos. 166, 167), and any reply was due by September 22, 2011 (Docket No. 163), which defendants submitted (Docket Nos. 170, 172-74). The motion was deemed submitted as of September 22, 2011, without oral argument (Docket No. 163).

---

[1] In support of this motion, defendants submitted their attorney's affirmation with exhibits, Docket No. 161, and other papers described below.

For judicial efficiency, defendants' alternative motion to compel and the amended schedule for this case are being addressed in this Report & Recommendation rather than in a separate Order.

## BACKGROUND

This is a patent infringement action arising from the design and marketing of a certain bridge platform. Plaintiffs asserted that defendants infringed upon two patents plaintiffs held for a bridge platform (Docket No. 1, Compl. (referring to United States Patent Number 6,135,240 ("the '240 patent") and United States Patent Number 6,302,237 ("the '237 patent")). These patents "relate to bridge platforms which are erected beneath the deck of an existing bridge to support workers performing maintenance or other work on the bridge structure. The bridge platform system involves individual flooring panels that are laid upon horizontal cables that extend beneath the bridge." (Docket No. 54, Order from Markman[2] proceeding, Jan. 14, 2010, at 1-2.) Defendants answered and asserted defenses (among others) that the patents were unenforceable and were not infringed as well as asserted counterclaims for a declaratory judgment as to the invalidity of plaintiffs' patents and whether an infringement of the '237 patent had occurred (Docket No. 3). Plaintiffs replied to the Answer's Counterclaims (Docket No. 7).

A more detailed recitation of the proceedings in this case (in particular motions to amend pleadings and for partial summary judgment) was presented in an earlier Report & Recommendation (Docket No. 150, Report & Rec. of Aug. 4, 2011, adopted, Docket No. 177 (Order of Oct. 14, 2011)), familiarity with which is presumed.

---

[2]Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

*Defense Motion to Preclude*

Pertinent to the present motion, the Court issued an amended Scheduling Order that had fact discovery conclude on August 31, 2011, parties' expert reports by October 14, 2011, and all expert discovery completed by December 9, 2011 (Docket No. 149, Ninth Amended Scheduling Order). Defendants filed their latest (cf. Docket No. 86) motion to compel, contending that plaintiffs had waited almost four years to produce discovery regarding their claim of lost profits due to defendants' alleged infringement (Docket No. 160). Defendants state that plaintiffs produced this discovery on August 12, 2011, two weeks prior to the current discovery deadline (id., Defs. Memo. at 1). They also contend that plaintiffs failed to produce documents relating to plaintiffs' sales, price, costs, and gross profits (id. at 2). Plaintiffs produced among the 2,000 pages of documents on August 12 materials showing the profit margins for "some – but not all – of the bridge platform systems sold" by them (id. at 3). Defendants conclude that plaintiffs should be precluded from using these belatedly and incompletely produced documents (id. at 2), Kam Hing Enterps., Inc. v. Wal-Mart Stores, Inc., 359 Fed. Appx. 235, 238 (2d Cir. 2010) (summary order, affirming district court grant of motion in limine to preclude evidence not produced to opponent); Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006).

Defendants also sought a judicial subpoena be issued to the United States Department of Homeland Security to secure travel documents for plaintiff Lambros Apostolopolos for his travels to Greece in 1995 (Docket No. 160, Defs. Memo. at 11; No. 161, Defs. Atty. Decl. ¶¶ 36-44, Ex. S (proposed subpoena). Plaintiffs later produced documents responsive to this Greek

travel and defendants now deem this portion of their motion to be moot[3] (Docket No. 170, Defs. Atty. Reply Affirm. ¶ 2).

*Plaintiffs' Response*

Plaintiffs complain that defendants engaged in extensive discovery abuses and delays (Docket No. 166, Pls. Atty. Decl. ¶¶ 3-4, 18-24, 25-35 (E-Z Access going out of business), 36-53), concluding that defendants are not entitled to relief. Plaintiffs state that they needed defendants' documents to establish sales lost by plaintiffs in order to show plaintiffs' lost profits (id. ¶ 8). Defendants eventually produced some material in 2011 (id. ¶¶ 9, 12-13), including production after the close of the extended discovery period (id. ¶¶ 12-13). Plaintiffs argue that defendants belatedly disclosed information about the transfer of assets between the defunct E-Z Access and Bridgeplatforms (id. ¶¶ 12, 13, see id. ¶¶ 26-27), despite defendants' earlier claims that no such documents existed at the time of the transfer in 2009 (id. ¶¶ 29, 33). Plaintiffs claim that many of the records defendants seek of defendants' infringing sales and offers to sell (which plaintiffs claim are lost sales to them) were already in defendants' possession (id. ¶ 11). Plaintiffs also contend that the law on lost profit damages in patent cases changed with the Federal Circuit's 2011 decision Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292 (Fed. Cir. 2011), causing them to re-evaluate their position (id. ¶ 16). In response to defense alternative motions to compel production of price, costs, and gross profits documents, plaintiffs contend that they produced thousands of pages of documents regarding costs, profits, and lost sales and

---

[3]Prior to this declaration, plaintiffs refuted the arguments that they were responsible for produced federal government records regarding travel to Greece, Docket No. 166, Pls. Atty. Decl. ¶¶ 63-66.

defendants never had asked for plaintiffs' "cost accounting system" prior to this motion (id. ¶ 55).

*Defense Reply*

Defendants contend that they produced and later supplemented production to plaintiffs in May 2010 and September 2010 (Docket No. 170, Defs. Atty. Reply Affirm. ¶¶ 12, 13, 16-18, Ex. B, C). They argue that there is no justification for plaintiffs' late and incomplete response to defense discovery (id. ¶¶ 14, 20). Defendants seek all of plaintiffs' sales, pricing, lists, and gross profits documents and plaintiffs only produced their tax returns, lists of sales, and selected sales documents that were claimed to have been lost due to defendants (Docket No. 170, Defs. Reply Memo. at 1, 2, 4). Plaintiffs, as patent holders attempting to show lost profit due to infringement, need to prove, that but for the alleged infringement, they would have made the sales in question or had obtained higher prices than they did (id. at 5), see Hughes Tool Co. v. G.W. Murphy Indus., Inc., 491 F.2d 923, 929 (5th Cir. 1973); Power Specialty Co. v. Connecticut Light & Power Co., 80 F.2d 874, 875 (2d Cir. 1936). Defendants next distinguish Uniloc USA and conclude that it is not relevant to plaintiffs' failure to produce. Uniloc USA established the burden of proof for royalties and not lost profits, which are two distinct claims, both of which are sought by plaintiffs in this action. (Id. at 5-6.)

They complain that plaintiffs' belated and incomplete discovery prejudiced defendants because it restricted earlier depositions and now precludes deposing specific customers to learn what motivated their contracting decisions (id. at 6-7).

Finally, defendants conclude that plaintiffs' attacks on them and their counsel is a red herring (id. at 8-10).

5

*Subsequent Proceedings*

A subsequent amendment was entered for the Scheduling Order, having plaintiffs' expert disclosure due by December 15, 2011, or 45 days after entry of this Order, with defense expert disclosure and completion of discovery to follow (Docket No. 176).

## DISCUSSION

I.  Standards

Imposition of Rule 37 sanctions for failure to comply with discovery demands must be weighed in light of the full record. <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures</u>, 602 F.2d 1063, 1068 (2d Cir. 1979). Rule 37 calls upon the Court to make such orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37. See <u>Reilly v. NatWest Markets Group Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 1119 (2000). The rule lists various sanctions including preclusion or dismissal of claims. Fed. R. Civ. P. 37(b)(2)(A)(i) (facts established), (ii) (refusing to allow disobedient party to support claim or defense), (iii) (striking pleadings), or (vii) (contempt of court for failing to produce witness, as well as payment of opponent's reasonable expenses, and attorneys' fees). The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. <u>Burnett v. Venturi</u>, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction). Procedurally, under Rule 37(a)(2)(B) and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel.

Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court

> "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A).  Rule 37(b)(2) also refers to the party or counsel advising that party or both being responsible for paying the motion expenses.

II.     Application

   A.     Homeland Security Travel Records to Greece

Given defense declaration that this portion of their motion to compel is moot, this relief should be **denied** on that basis.

   B.     Sanctions for Not Producing Lost Profits Documents

Defendants seek to exclude evidence of plaintiffs' lost profits for late or incomplete production.  Preclusion of evidence as a discovery sanction is not mandatory; rather, this Court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance," <u>Design Strategy</u>, supra, 469 F.3d at 296, citing <u>Patterson v. Balsamico</u>, 440 F.3d 104, 117 (2d Cir. 2006), 298 (Docket No. 167, Pls. Memo. at 12-13).  In <u>Design Strategy</u>, the Second Circuit concluded that, while the factor of the importance of the evidence favored plaintiff Design Strategy, all the other factors weighed heavily in favor of

7

exclusion, Design Strategy, supra, 469 F.3d at 296-97, where the prejudice to defendants would have been "severe" since it would have required reopening discovery and discovery had been closed for over a year and a half and the offer of expert testimony was made at the eve of trial, id.

As for their explanation for the non-compliance, plaintiffs' explanation is wrapped in their argument that defendants were dilatory in producing discovery they needed to respond, hence hindering plaintiffs from producing documents showing their lost profits (see Docket No. 166, Pls. Atty. Decl. ¶¶ 8, 3-4, 18-53). But both sides argue that the other side knew of lost sales, either defendants had the documents already in their possession (id. ¶ 9) or plaintiffs had a chart of defendants' sales for one year prior to the production made at issue in this motion (Docket No. 170, Defs. Reply Memo. at 2). What seems to be missing is a characterization of what the data in both parties' hands meant. Plaintiffs wanted identified projects that were lost or under bid because of defendants' competition.

As for the importance of this material, this factor is hardly contested. Plaintiffs' damages claims have included lost profits from lost sales, lost income from infringing competition, and lost opportunities to sell (see Docket No. 50, 1st Am Compl. ¶¶ 30, 36).

Defendants argue that their purported failure to produce is due the delay and inadequate production of plaintiffs' lost profits documents, claiming that this eleventh-hour and incomplete production by plaintiffs hinders them from calling customer witnesses to determine the reason for selection of bridge platform contractors (Docket No. 170, Defs. Reply Memo. at 6).

Case 1:06-cv-00726-RJA-HBS   Document 178   Filed 12/30/11   Page 9 of 12

Finally, while this motion was filed at the eve of the close of discovery that has been extended numerous times[4], unlike the cases cited by defendants, this discovery issue did not arise at the eve of trial or present a novel theory late in the proceedings.

Considering these factors above, exclusion of the lost profit material produced to date **should not occur**. Unlike Design Strategy, plaintiffs' production did not occur at the eve of trial or at such a late date (given the frequency of amending the schedule in this case) to preclude additional discovery. Thus, defendants' motion to exclude **should be denied**.

    C.    Alternative Motion to Compel Production of Lost Profits Documents

Alternatively, defendants seek full production of plaintiffs' lost profits documents, such as documents of their profit margins, and their total sales (not just of projects claimed affected by infringements on the patents) (see Docket No. 170, Defs. Reply Memo. at 5). Plaintiffs argue that this material has already been provided. If that is the case, plaintiffs should identify the documents already produced that are responsive to their lost profits claim. Although plaintiffs' produced listings of sales and tax records, they have apparently not produced supporting documents underlying the listings, such as invoices, purchase orders, shipping information, profit margin documents, and other sales documents sought by defendants. Defendants' alternative motion to compel production is **granted**.

III.    Discovery Sanctions

Given the mixed result of defendants' motion, prevailing only to get production but recommended denial of exclusion, and the interrelatedness of both aspects of the motion, this

---

[4]See Docket Nos. 11, 12, 16-17, 25, 30, 61-63, 82, 107, 149. Many of these extensions were due to appearance of new counsel, Docket No. 56, pending dispositive motions and amendments to pleadings, see generally Docket No. 150.

Court may apportion reasonable motion expenses under Rule 37(a)(5)(C) and finds that **both sides should bear their own respective costs**.

IV.     Amended Schedule

In light of the further discovery ordered above (see Part II.C., supra), the fact and subsequent expert discovery deadlines (and subsequent deadlines) (Docket No. 149) need to be reset. Since objections to the Report & Recommendation probably will turn on the declination of exclusion of evidence which is not hinged on the schedule, the discovery period will be extended without regard to whether objections are ultimately filed or not.

Thus, the Ninth Amended Scheduling Order (Docket No. 149) is amended as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order continue in effect):

Fact discovery is to be completed by **March 30, 2012**. Expert reports from all parties is due by **June 29, 2012**. Rebuttal expert reports due **September 14, 2012**. All expert discovery to conclude by **October 15, 2012**. Dispositive motions due by **November 2, 2012**.

## CONCLUSION

For the reasons stated above, defendants' motion to preclude certain evidence as a discovery sanction (Docket No. 160) should be **denied**. Their alternative motion to compel production is **granted**. Their motion to produce travel records from the Department of Homeland Security for travel to Greece should be **denied as moot**. This Court determines that each party **shall bear their own discovery motion expenses**.

The Ninth Amended Scheduling Order (Docket No. 149) is hereby amended (as discussed above): Fact discovery is to be completed by **March 30, 2012**. Expert reports from all parties is

due by **June 29, 2012**. Rebuttal expert reports due **September 14, 2012**. All expert discovery to conclude by **October 15, 2012**. Dispositive motions due by **November 2, 2012**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 30, 2011