UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAFESPAN PLATFORM SYSTEMS, INC.,
LAMBROS APOSTOLOPOULOS, and
PAUL KRISTEN, INC.,

                        Plaintiffs,

                                              **DECISION AND ORDER**
       v.                                           06-CV-726-A

EZ ACCESS, INC.,
ANASTASIOS G. HATSIOS,
BRIDGEPLATFORMS, INC., GEORGE
HATSIOS, and LINDA LEE NOLTE,

                        Defendants.

---

      This case involves alleged patent infringement concerning platforms that can be assembled under the deck of a bridge to support laborers working on the bridge's structure.  Pretrial proceedings were referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1).  The case is presently before me for review of a December 30, 2011 discovery and discovery-sanctions decision by Magistrate Judge Scott that was titled  "Report and Recommendation."  [Dkt. 178].

      For the reasons that follow, the Court finds that Magistrate Judge Scott's December 30, 2011 decision not to impose discovery sanctions, but extending the time for the completion of discovery, was a nondispositive ruling subject to interlocutory review pursuant to a clearly erroneous or contrary to law standard of

review.  Because that decision is neither clearly erroneous nor contrary to law, it is affirmed.

## BACKGROUND

On August 31, 2011, the defendants, EZ Access, Inc., Anastasios G. Hatsios, Bridgeplatforms, Inc., George Hatsios, and Linda Lee Nolte (collectively, "Bridgeplatforms"), moved before Magistrate Judge Scott for the imposition of discovery sanctions pursuant to Fed.R.Civ.P. 37 against the plaintiffs, Safespan Platform Systems, Inc., Lambros Apostolopoulos, and Paul Kristen, Inc. (collectively, "Safespan").  Defendant Bridgeplatforms sought the sanctions on the ground that plaintiff Safespan failed timely to produce documents that the defendants had requested pursuant to Fed.R.Civ.P. 26 that were relevant to the plaintiffs' alleged lost-profits damages.

Specifically, defendant Bridgeplatforms argued that the plaintiff Safespan's lost-profits document production remained incomplete and that many of the documents that were produced by plaintiffs were produced so late -- just weeks before a Court-ordered discovery cutoff date -- that some amount of the defendants' crucial fact discovery from third-party witnesses was stymied.  The defendants asserted that they were required to complete third-party discovery earlier and that there had been no time to use the late-produced documents.  To sanction the plaintiffs' late production of documents, the defendants moved for an order precluding the plaintiffs from offering any evidence of lost profits at trial.

Defendant Bridgeplatforms also sought an award of attorneys' fees as an additional sanction for plaintiff Safespan's alleged discovery abuse and, in the alternative, sought an order compelling production of all of the lost-profits documents. The defendants did not seek an extension of the discovery cutoff to have time to take discovery to develop evidence to meet plaintiffs' lost-profits evidence, however.

Plaintiff Safespan's response to defendant Bridgeplatforms' motion to preclude evidence of lost profits and for an attorneys' fees sanction was primarily to complain about the defendants' own abusive conduct of discovery and to argue that the plaintiffs' production of documents was substantially justified by unusual circumstances of this case. The plaintiffs specifically disputed that preclusion of lost-profits evidence was a proportionate sanction for the delay in producing the lost-profits documents and disputed that any sanction at all was appropriate.

On December 30, 2011, Magistrate Judge Scott issued a decision which denied defendant Bridgeplatforms' request to preclude evidence at trial of plaintiff Safespan's lost profits. Magistrate Judge Scott granted the defendants' alternative motion to compel production of the lost-profits documents. The Magistrate Judge also ordered, on his own initiative, the time for completion of discovery extended, thereby giving the defendants additional time for discovery with the lost-profits documents. The Magistrate Judge considered the defendants' requests for an award of attorneys' fees as a sanction, but concluded

that the parties should each bear their own attorneys' fees.

## DISCUSSION

The parties disagree on the applicable standard of review of Magistrate Judge Scott's December 30, 2011 decision. A magistrate judge is authorized to "hear and determine" any pretrial matter that is "not dispositive of a claim or defense of a party." Fed.R.Civ.P. 72(a); see 28 U.S.C. § 636(b)(1)(A). "Matters concerning discovery are generally considered 'nondispositive' of the litigation." Thomas E. Hoar v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). An order of a magistrate judge made under the "hear and determine" authority can be modified or set aside by the district judge only if it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); Thomas E. Hoar v. Sara Lee Corp., 900 F.2d at 525.

When issuing an order as to pretrial matters that disposes of a claim or a defense of a party, a magistrate judge "shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate." Fed.R.Civ.P. 72(b); see 28 U.S.C. § 636(b)(1)(B). Such recommendations are subject to *de novo* review by the presiding district judge. Id.; see Thomas E. Hoar v. Sara Lee Corp., 900 F.2d at 525; see e.g., Zises v. Department of Social Services of Human Resources Admin. of City of New York, 112 F.R.D. 223 (E.D.N.Y. 1986) (Fed.R.Civ.P. 37 sanction of dismissal subject to

*de novo* review).

In this case, defendant Bridgeplatforms argues that Magistrate Judge Scott's December 30, 2011 decision denying their motion for preclusion of evidence is subject to *de novo* review because plaintiff Safespan's late production of the lost-profits documents kept the defendants from taking steps necessary to meet the plaintiffs' evidence of lost profits. The defendants argue that denying the sanction of preclusion effectively disposed of their factual defense to the plaintiffs' lost-profits theory of damages and, because the decision was in this way actually dispositive of the defense, it should be subject to *de novo* review.

Plaintiffs Safespan, on the other hand, stated during oral argument that Magistrate Judge Scott's December 30, 2011 decision was properly understood as essentially about calendaring matters. They maintain that the decision was therefore nondispositive and that the Court's review should be by the standard of review of clearly erroneous or contrary to law applicable to all nondispositive matters.

As an initial matter, Magistrate Judge Scott's December 30, 2011 decision entered an order compelling the production of documents and granted additional time for discovery and did not impose the sanction of precluding evidence that defendant Bridgeplatforms had requested, so it did not dispose of a claim or defense of a party. Compare, Steele v. Costco Wholesale Corp. 2005 WL 1068137 (E.D.N.Y. 2005) (denial of request to strike an answer as a Fed.R.Civ.P.

5

37 sanction was not a dispositive ruling) with <u>Zises v. Department of Social Services of Human Resources Admin. of City of New York</u>, 112 F.R.D. 223 (E.D.N.Y. 1986) (Fed.R.Civ.P. 37 sanction of dismissal of complaint was subject to *de novo* review). Simply because the Magistrate Judge's decision not to preclude lost-profits evidence did not dispose of a claim or a defense, it was not a dispositive ruling pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(B) subject to *de novo* review.

Defendant Bridgeplatforms insists that the effect of Magistrate Judge Scott's December 30, 2011 decision not to preclude Safespan's lost-profits evidence makes the decision dispositive of the defendants' factual defense as a practical matter, but the defendants disregard other relevant practical factors. First, the sanction of preclusion of damages evidence that the defendants sought was not even potentially a dispositive ruling as to a claim or defense. See e.g., <u>Sansalone v. Bon Secours Charity Health System</u>, 2009 WL 1649597 (S.D.N.Y. 2009) (rejecting an argument that a magistrate judge's denial of an extension of time for expert discovery worked a "death penalty" to the case and became a dispositive ruling subject to *de novo* review). In contrast, the sanction of striking a claim of the plaintiffs as a sanction would have been a dispositive ruling. See e.g., <u>Sarlever Hydraulik v. Mohawk Resources Limited</u> 1996 WL 172712 (N.D.N.Y. 1996) (preclusion of a non-infringement defense was subject to *de novo* review). An order compelling the production of documents and granting

additional time for discovery, as did Magistrate Judge Scott's December 30, 2011 decision, was a far cry from dispositive.

Second, as defendant Bridgeplatforms concede, plaintiff Safespan's lost-profits theory of damages is alleged in addition to plaintiffs' reasonable-royalties and disgorgement-of-profits theories of damages.  Given that the plaintiffs are propounding two other theories of damages, even a decision to preclude the lost-profits evidence would not have disposed of a claim or of a defense to a claim. Under these circumstances, the preclusion sanction would not have been dispositive even if it had been granted.

Finally, defendant Bridgeplatforms disregards the practical effects of the decision of the Magistrate Judge on his own initiative to extend the discovery cutoff to allow the defendants time to take discovery after they receive plaintiff Safespan's lost-profits documents.  In light of the discovery-cutoff extension, the December 30, 2011 decision did not even indirectly dispose of a claim or defense of a party.  See e.g., Sansalone v. Bon Secours Charity Health System, 2009 WL 1649597 (S.D.N.Y. 2009) (rejecting an argument that a magistrate judge's denial of an extension of time for expert discovery worked a "death penalty" to the case and became a dispositive ruling subject to *de novo* review).  Because Magistrate Judge Scott's decision not to preclude evidence of lost-profits damages is a nondispositive ruling, it is subject to review under the clearly erroneous or contrary to law standard of review pursuant to Fed.R.Civ.P. 72(a) and 28 U.S.C.

§ 636(b)(1)(A).

With the clearly erroneous or contrary to law standard of review in mind, the Court has carefully evaluated defendant Bridgeplatforms' objections to Magistrate Judge Scott's December 30, 2011 decision.  After due consideration of all of the parties' written filings and oral argument, I find that Magistrate Judge Scott's December 30, 2011 decision not to impose the sanction of precluding evidence of lost profits for the reasons that Magistrate Judge Scott stated was neither clearly erroneous nor contrary to law.

Defendant Bridgeplatforms chose not to seek an extension of the discovery cutoff to have time to use plaintiff Safespan's lost-profits documents in follow-up discovery.  The defendants therefore seem to have concluded that an order precluding plaintiffs' lost-profits evidence was the only suitable remedy that Magistrate Judge Scott could have imposed.  However, Magistrate Judge Scott's decision upon his own initiative to extend the time for discovery reasonably mitigated the harms of which the defendants complain.  Additional expense and delay of which the defendants complain was caused in part by the defendants' own decisions to conduct third-party discovery of potential lost-profits witnesses without confirming that the defendants had in hand all relevant lost-profits documents from the plaintiffs.  This is so despite the plaintiffs earlier having made a general relevance objection to the defendants' request for production of lost-profits documents.

The Court also finds that the Magistrate Judge's decision that each party should bear their own attorneys' fees was neither clearly erroneous nor contrary to law. Defendant Bridgeplatforms presents no reasons sufficient to disturb Magistrate Scott's December 30, 2011 decision not to sanction plaintiff Safespan by ordering the plaintiffs to pay the defendants' attorneys' fees.

## CONCLUSION

For all of the foregoing reasons, the Court affirms Magistrate Judge Scott's December 11, 2011 decision. The Court will cause a separate Text Order to be entered amending a December 30, 2011 docket entry so that Magistrate Judge Scott's December 30, 2011 ruling [Dkt. 178] is labeled as a Decision and Order, not a Report and Recommendation.

SO ORDERED.

                        *s/ Richard J. Arcara*
                        HONORABLE RICHARD J. ARCARA
                        UNITED STATES DISTRICT JUDGE

DATED: March 8, 2012