UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAFESPAN PLATFORM SYSTEMS, INC.,
LAMBROS APOSTOLOPOULOS, and
PAUL KRISTEN, INC.,

                              Plaintiffs,            **Hon. Hugh B. Scott**

                                                     06CV726A

              v.                                     **Order**


EZ ACCESS, INC.,
ANASTASIOS G. HATSIOS,
BRIDGEPLATFORMS, INC.,
GEORGE HATSIOS, and LINDA LEE NOLTEE,

                              Defendants.
_____

        Before the Court is defendants' (hereinafter collectively referred to as "Bridgeplatforms")

second motion for preclusion as a discovery sanction involving plaintiffs failure to adequately

disclose materials regarding plaintiffs' lost profits claim (Docket No. 209), withdrawing their

earlier motion to compel that production (Docket No. 180).  Bridgeplatforms asserts that this

motion supersedes their pending motion to compel (Docket No. 180; Docket No. 209,

Bridgeplatforms Atty. Affirm. ¶¶ 2, 3), but relies upon supporting papers for that motion (see

Docket No. 209, Bridgeplatforms Atty. Affirm. ¶ 2) and reasserts some of the relief sought in that

motion (id.), including compelling some production (the original documents of "Exhibit H").

When this latest motion was filed, pending after argument (see text minute entry Feb. 23, 2012)

were Bridgeplatforms' Objections (Docket No. 179) to this Court's original Report &

Recommendation of December 30, 2011 (Docket No. 178, now Decision & Order),

recommending denial of their first motion to preclude regarding lost profits materials (Docket

No. 160).  In that decision, this Court recommended denying Bridgeplatforms' motion to

preclude evidence but alternatively ordered plaintiffs produce discovery on their claim of lost

profits (Docket No. 178, Report & Rec. of Dec. 30, 2011, at 7-9).  Judge Arcara deemed this

Report & Recommendation to be a Decision & Order (Docket No. 213) and affirmed it on appeal

(Docket No. 212, Order of Mar. 8, 2012); cf. 28 U.S.C. § 636(b)(1).

Meanwhile, also pending is plaintiffs' motion for partial summary judgment on patent

infringement (Docket No. 182; see Docket Nos. 190 (briefing schedule), 208 (argument set for

March 16, 2012)).

Bridgeplatforms' earlier motion to compel (Docket No. 180) is **terminated**, save so much

of the relief in that motion that is now renewed in the second motion to preclude (Docket

No. 209).

This second motion to preclude seeks

•       to preclude proof of lost profits, for failing to produce additional sought materials

        establishing that claim and providing defense for that claim;

•       to declare "Schedule B" not to be privileged;

•       to compel production of the original documents constituting "Exhibit H" (Docket

        No. 209, Bridgeplatforms Atty. Affirm. ¶¶ 2, 12; Docket No. 181, Ex. H); and

•       reasonable motion costs and fees (Docket No. 209, Notice of Motion).

Note, Bridgeplatforms does not seek as an alternative relief production of the newly identified

materials supporting plaintiffs' lost profit claims.  Bridgeplatforms also has not sought additional

time to complete this discovery (cf. Docket No. 178, Decision & Order, fact discovery completed

by March 30, 2012, expert reports by June 29, 2012, all expert discovery completed by October 15, 2012).

The first motion to preclude (Docket No. 160) sought relief in the alternative, either preclusion of plaintiffs' lost profit evidence or an Order compelling its production.  The Objections (Docket No. 179) focused upon the recommendation to deny preclusion and the extension of the discovery deadline (to facilitate the alternative of compelling production of the lost profits materials) (see id. at 1, 4-9; see also Docket No. 212, Order of Mar. 8, 2012, at 7, 8). Bridgeplatforms' latest motion argues that plaintiffs have not produced materials regarding lost profits, identifying new categories of those materials that were not produced subject to the December 30, 2011, Report, such as material purchases and other costs, labor costs, and bid quotations, categories Bridgeplatforms learned after plaintiffs produced some lost profits documents on February 24 and 27, 2012 (see Docket No. 209, Notice of Motion at 1; id., Bridgeplatforms Atty. Affirm. ¶¶ 3, 5).  They also seek a declaration that "Schedule B" (id., Bridgeplatforms Atty. Affirm. Ex. D[1]), a listing of projects, pricing, and notation of documents that support the schedule that was inadvertently produced to Bridgeplatforms that plaintiffs deemed privileged (id. ¶¶ 8, 9).  As for "Schedule B", Bridgeplatforms argues that it has similar information that was produced by plaintiffs in another schedule (id. ¶ 10, Ex. E).

Given Judge Arcara's ruling on the Objections to denial of the first motion to preclude (Docket No. 212), the result of Bridgeplatforms' second motion to preclude should be the same as the first.  The only difference between the two motions to preclude is the types of materials not produced by plaintiffs and whether it was not initially produced (the first motion) or not

---

[1]Filed under seal.

produced pursuant to the alternative relief granted in this Court's Report (the second motion); all

the items sought presumably go to their lost profits claim that Bridgeplatforms seeks to be

precluded as a discovery sanction.

In light of Judge Arcara's affirmance of the earlier decision denying preclusion, granting

a motion to compel production, and extending the discovery period, so much of defendants'

second motion (Docket No. 209) to preclude is **denied**, for the reasons stated in the earlier

decision of this Court (<u>see</u> Docket No. 178).

As for declaring "Schedule B" not privileged, since plaintiffs have not responded to this

motion, their response is due **March 23, 2012**; and reply to this motion is due by **April 4, 2012**,

and this motion will be deemed submitted (without oral argument) on **April 4, 2012**.

As for production of the original documents for "Exhibit H," this issue has been fully

briefed under the former motion (<u>see</u> Docket Nos. 180, 181 (Exhibit H, filed under seal), 194,

195).  Exhibit H on file with this Court appears to be invoices and quotes from three firms in

May 1995 to plaintiff Lambros Apostolopoulos or pursuant to his direction (Docket No. 181).

Bridgeplatforms seeks the originals of these documents because their examination "of the

documents shows lines which bring into question whether the original document has been

modified and/or 'cut and pasted' which is the reason why Defendants wish to examine the

originals," (Docket No. 180, Bridgeplatforms Atty. Affirm. ¶ 9).  Plaintiffs describe the

documents as faxes from 1995 (and the quality of reproduction available at that time) and the

true original documents remain with the senders.

As for two of the five pages in Exhibit H of which Bridgeplatforms seeks the originals for

the first time in this motion, the motion to compel the production of those originals is **denied** as

being premature.  As for the other three pages, there is no indication that the parties met and

conferred in a good faith effort to resolve this short of motion practice, aside from the initial

request in October 31, 2011.  Also putting to one side that this request came in the context of

settlement discussions, there appears to be no attempt by the parties to resolve this matter short

of the present motion.  On this basis alone, this portion of the motion to compel should be

**denied**.  But on the merits of Bridgeplatforms' request, it does not appear that Exhibit H has

been altered and Bridgeplatforms does not specifically identify where those alleged alterations

occurred that would necessitate producing the originals for comparison.  From this Court's

inspection of the copy of Exhibit H filed under seal there is no manifestation of "cutting and

pasting".  Furthermore, the "originals" here are either the documents prior to transmission to

plaintiffs, which the plaintiffs claim they do not possess, <u>cf.</u> Fed. R. Civ. P. 34(a)(1) (producing

documents in the responding party's "possession, custody, or control"), or the documents

received from the fax machine which plaintiffs evidentially produced where the fax transmission

process inherently creates a copy.  Therefore, their motion to compel production of the original is

**denied**.

Finally, as to recovery of motion expenses, determination of this relief will occur after

disposition of Bridgeplatforms' remaining motion to compel production of a non-privileged

"Schedule B".  This Court notes that much of the relief sought by Bridgeplatforms has been

denied.  Under Rule 37(a)(5), if the motion to compel is denied, this Court must require the

movants, their attorneys, or both, to pay the opposing party's reasonable motion expenses, Fed.

R. Civ. P. 37(a)(5)(B), whereas if some relief is granted to movants and others is denied, this

Court may apportion reasonable expenses for the motion, <u>id.</u> R. 37(a)(5)(C).  This Court also

notes that any recovery of motion costs would be for Docket No. 209, the second motion to

preclude and those portions of relief revived by that motion, since the first motion to compel

(Docket No. 180) has been withdrawn by that second motion.  There is no basis for plaintiffs to

recover costs for defending against the withdrawn motion, see Cruz v. Meachum, 159 F.R.D.

366, 368 (D. Conn. 1994); Dataq, Inc. v. Tokheim Corp., 736 F.2d 601, 605 (10th Cir. 1984); see

also Disabled Patriots of Am. v. Niagara Group Hotels, No. 07CV284, Docket No. 28, Order

at 5, 2007 U.S. Dist. LEXIS 93067, at *7 (W.D.N.Y. Dec. 19, 2007) (Scott, Mag. J.), and the

withdrawal of that motion may make the movants liable for costs to the opponents, see Disabled

Patriots, supra, 2007 U.S. Dist. LEXIS at 93067, at *11-14.

CONCLUSION

On defendants' second motion (Docket No. 209) to preclude and to substitute this motion

for the pending motion to compel (Docket No. 180), defendant's former motion to compel

(Docket No. 180) is **terminated**.  As for defendants' latest motion to preclude (Docket No. 209),

that motion is **denied**.  As for their motion to produce the originals of the documents in "Exhibit

H" (Docket No. 180, renewed Docket No. 209), that is **denied**.  As for defendants' motion to

declare as not privileged certain documents contained in "Schedule B" (Docket No. 209),

plaintiffs' responses to that motion are due **March 26, 2012**; and any reply to this motion is due

by **April 10, 2012**, and this portion of the motion will be deemed submitted (without oral

argument) on **April 10, 2012**, as with defendants' motion to recover their reasonable motion

expenses.

     So Ordered.

                                        /s/ Hugh B. Scott
                                      Honorable Hugh B. Scott
                                      United States Magistrate Judge

Dated: Buffalo, New York
       March 12, 2012