UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAFESPAN PLATFORM SYSTEMS, INC.,
LAMBROS APOSTOLOPOULOS, and
PAUL KRISTEN, INC.,

                    Plaintiffs,

                    v.

EZ ACCESS, INC.,
ANASTASIOS G. HATSIOS,
BRIDGEPLATFORMS, INC.,
GEORGE HATSIOS, and LINDA LEE NOLTEE,

                    Defendants.

**Hon. Hugh B. Scott**

06CV726A

**Order**

Before the Court has been a series of motions (described below) by defendants (hereinafter collectively referred to as "Bridgeplatforms") seeking either preclusion of lost profits evidence or compelling discovery of that material from plaintiffs (Docket Nos. 160, 180, 209). Familiarity with the previous decisions relative to those motions (Docket Nos. 178, 213, 218) is presumed. Meanwhile, also pending for determination is plaintiffs' motion for partial summary judgment on patent infringement (Docket No. 182; see Docket Nos. 190 (briefing schedule), 208 (argument set for March 16, 2012), 219 (minutes of argument on March 16, 2012)).

Presently, Bridgeplatforms filed a second (cf. Docket No. 160) motion for preclusion as a discovery sanction involving plaintiffs' failure to adequately disclose materials regarding their lost profits claim (Docket No. 209). Bridgeplatforms withdrew an earlier motion to compel that production (Docket No. 180), relying upon supporting papers for that motion (see Docket

No. 209, Bridgeplatforms Atty. Affirm. ¶ 2) and reasserting some of the relief sought in that

motion (id.).  When this motion was filed, pending after argument (see text minute entry Feb. 23,

2012) were Bridgeplatforms' Objections (Docket No. 179) to this Court's then Report &

Recommendation of December 30, 2011 (Docket No. 178, now Decision & Order, see Docket

No. 213), recommending denial of their first motion to preclude regarding lost profits materials

(Docket No. 160).  In that decision, this Court recommended denying Bridgeplatforms' motion to

preclude evidence but alternatively ordered plaintiffs to produce discovery on their claim of lost

profits (Docket No. 178, Report & Rec. of Dec. 30, 2011, at 7-9).  Judge Arcara deemed this

Report & Recommendation to be a Decision & Order (Docket No. 213) and affirmed it on appeal

(Docket No. 212, Order of Mar. 8, 2012); cf. 28 U.S.C. § 636(b)(1).

　　　　This Court then terminated Bridgeplatforms' motion to compel (Docket No. 180) save so

much of the relief sought therein that was renewed in their second motion to preclude (Docket

No. 209) (Docket No. 218, Order of Mar. 12, 2012, at 2). This second motion to preclude sought

- to preclude proof of lost profits, for failing to produce additional sought materials establishing that claim and providing defense for that claim;
- to declare "Schedule B" not to be privileged;
- to compel production of the original documents constituting "Exhibit H" (Docket No. 209, Bridgeplatforms Atty. Affirm. ¶¶ 2, 12; Docket No. 181, Ex. H); and
- reasonable motion costs and fees (Docket No. 209, Notice of Motion).

Note, Bridgeplatforms changed the relief sought and did not seek as an alternative relief

production of the newly identified materials supporting plaintiffs' lost profit claims or additional

time to complete this discovery (cf. Docket No. 178, Decision & Order, fact discovery completed

by March 30, 2012, expert reports by June 29, 2012, all expert discovery completed by

October 15, 2012).

This Court then denied Bridgeplatforms' second preclusion motion based upon Judge Arcara's ruling (Docket No. 212) on the Objections to denial of the first motion to preclude (Docket No. 218, Order of Mar. 12, 2012, at 3-4). This Court then scheduled briefing on the new issue of the privilege status of "Schedule B" (id. at 4), denied compelling plaintiffs to produce originals for "Exhibit H" (id. at 4-5), and denied Bridgeplatforms recovering of its motion expenses as a sanction (id. at 5-6). Plaintiffs response regarding "Schedule B" was due by March 26, 2012; and any reply to this motion was due by April 10, 2012, and that remaining portion of the motion was deemed submitted (without oral argument) on April 10, 2012, as with defendants' motion to recover their reasonable motion expenses (id. at 4, 6). Timely responses (Docket No. 220) and a reply (Docket No. 221) were submitted.

Plaintiffs complain that Bridgeplatforms did not meet and confer with them after plaintiffs announced that the "Schedule B" documents were privileged but inadvertently produced (Docket No. 220, Pls. Atty. Decl. ¶ 2). But Bridgeplatforms argued later that such a conference was conducted when counsel sent her letter of March 5, 2012 (Docket No. 209, Defs. Atty. Affirm. Ex. B; Docket No. 221, Defs. Atty. Affirm. ¶ 4). According to plaintiffs' counsel, the documents in "Schedule B" were prepared by counsel in anticipation of litigation and they claim attorney work product and attorney-client privileges (id. ¶¶ 5-6, see id. ¶¶ 3-4). Bridgeplatforms claims "Schedule B" merely lists missing files and documents and such could not deemed privileged (Docket No. 221, Defs. Atty. Reply Affirm. ¶ 2).

Bridgeplatforms now moves (Docket No. 222) to reconsider the March 12, 2012, Order (Docket No. 218), arguing that this Court misapprehended the facts or law, and that additional facts occurred since March 12, 2012, that warrant reconsideration of this Order (Docket No. 222,

Defs. Atty. Affirm. ¶ 1).  Bridgeplatforms seeks reconsideration of the denial of preclusion or

seeks the grant of an Order compelling answers to discovery ordered back on December 30,

2011.  Bridgeplatforms notes the differences between the first and second preclusion motions,

with the second seeking to have plaintiffs agree to a date for a Rule 30(b)(6) examination (id.

¶ 2).  Plaintiffs' belated and limited production in effect barred Bridgeplatforms from scheduling

a Rule 30(b)(6) examination prior to the fact discovery deadline of March 31, 2012 (id. ¶ 4; see

Docket No. 178, Report & Recommendation at 10, amending Scheduling Order), and precluded

conducting subsequent third party examinations of customers and potential customers.  Plaintiffs

failed to produce information about materials purchased, inventory costs, job filed and project

specifications, information necessary for "but for" lost profits analysis (Docket No. 222, Defs.

Atty. Affirm. ¶ 5).

    As for the timing of this motion for reconsideration, Bridgeplatforms' counsel states that

she inadvertently did not read the Order of March 12, 2012 (Docket No. 218), attached to the

docket entry, instead she relied upon only the docket entry text.  Counsel did not realize this

mistake until April 10, 2012 (Docket No. 222, Defs. Atty. Affirm. ¶¶ 6-7), one day after the

28 days for a motion to reconsider under this Court's Local Civil Rule 7(d)(3) ran.

Bridgeplatforms also argued that it would have sought an extension on the Scheduling Order in

this case but, since the burden of production was upon plaintiffs, and Bridgeplatforms concluded

that plaintiffs should be the movants for such relief (id. ¶ 8).

    Plaintiffs briefly respond that this motion for reconsideration is untimely under this

Court's Local Civil Rule 7(d)(3) (Docket No. 223, Pls. Atty. Decl. ¶¶ 2-4); plaintiffs did not

address the substance of the motion to reconsider.  This Court then held that this motion for

reconsideration would be considered together with the pending motion to compel (Docket
No. 224).

DISCUSSION

I.      Motion for Reconsideration

        A.      Standard

        Bridgeplatforms does not expressly cite a rule for this motion for reconsideration.  But,
reconsideration of pre-judgment decisions generally are governed by Federal Rule of Civil
Procedure 60, which provides, among various possible grounds cited, this Court may relieve a
party from an Order for a mistake, inadvertence, surprise, excusable neglect, Fed. R. Civ.
P. 60(b)(1).  The timing for a motion under Rule 60(b) is that it must be made "within a
reasonable time," with a motion under Rule 60(b)(1) must be filed "no more than a year after
entry of judgment or order or the date of proceedings," Fed. R. Civ. P. 60(c)(1).

        This Court's Local Civil Rule 7(d)(3) provides that "unless governed by Federal Rule of
Civil Procedure 60, shall be treated as falling within the scope of Federal Rule 59(e).  Thus the
reconsideration motion must be filed and served no later than twenty-eight days after the entry of
the challenged judgment, order, or decree and, pursuant to Federal Rule 6(b)(2), no extension of
time will be granted.  The motion will be decided on the papers, absent a Court order scheduling
oral argument."  Rule 59(e) sets forth the time period for a motion to alter or amend a judgment,
Fed. R. Civ. P. 59(e).

        B.      Application

        Bridgeplatforms' motion does not expressly cite a rule for the basis for seeking
reconsideration, rather, it states grounds also mentioned in Rule 60(b)(1).  As such, the motion is

5

deemed governed by the timing of Rule 60 rather than this Court's Local Civil Rule 7(d)(3) and the motion to reconsider is **timely** as being brought within a reasonable time of entry of the affected Order and well within the one year period of Rule 60(c)(1) and (b)(1).  As a result, this Court's Local Rule is not applicable and no extension (not available under that rule) is being granted to file a motion for reconsideration under Local Civil Rule 7(d)(3)[1].

On the merits, this Court **declines** reconsideration to the extent sought by Bridgeplatforms.  (Bridgeplatforms has shifted its position first seeking alternative relief (preclusion or compelled production of lost profit materials) to seeking preclusion of lost profit evidence and not seeking additional time to complete discovery (see Docket No. 218, Order of Mar. 12, 2012, at 2-3).  Now it seeks production of evidence and only suggesting that the schedule to do so should be extended (with plaintiffs having to initiate and seek that extension).)  Although plaintiffs have the burden of producing discovery, it is Bridgeplatforms that seeks this discovery from plaintiffs as a basis to seek discovery from third parties (plaintiffs' customers or potential customers) to refute plaintiffs' lost profit claims.

As for reconsidering denial of preclusion, Bridgeplatforms' motion is **denied**.  As for the alternative ground of providing relief to actually obtaining this discovery, that motion is **granted in part**.  This Court had ordered production as an alternative to preclusion (Docket No. 178) with

---

[1]This Court does not accept Bridgeplatforms' alternative ground of inadvertence to excuse any delay in filing this motion, if this Court's Local Civil Rule 7(d)(3) is applied.  Docket entries in this Court's electronic case filing system summarize the results of an Order where the full text of an Order is attached.  When a brief text Order is added to the docket, however, that is the Order of the Court and is identified as such with the phrase "Text Order" or like phrase and the absence of an attached Order, see W.D.N.Y. ECF Admin. Procedures § 2 i.(i).  Failure to review the entire Order (that is the attachment to the docket entry) is at the peril of the party.  Reconsideration, or extending time to allow a motion for reconsideration, should not depend upon whether a party clicked on a highlighted number as read the attached (and binding) Order.

the intention that discovery would be forthcoming.  Instead, plaintiffs delayed and limited their

production while Bridgeplatforms filed Objections and sought preclusion.  To enable the parties

to complete discovery on this remaining issue of lost profits, a further amended schedule is stated

below (at page 8).

II.       "Schedule B"

According to plaintiffs, "Schedule B" (Docket No. 209, Ex. D, Docket No. 210) is

attorney work product and attorney-client materials (Docket No. 220, Pls. Atty. Decl. ¶ 6) that

are privileged and should be returned under the terms of the Stipulated Protective Order (Docket

No. 15). Schedule B is subtitled "attorneys' eyes only" and has entries highlighted.  The

document appears to be an active checklist, with apparent highlighting, checkmarks, and

strikeouts, with notations of bates numbered documents and needed data (Docket No. 210,

Ex. D).  If compared with an exhibit plaintiffs produced (again pursuant to the Stipulated

Protective Order), the latter appears to be a final schedule of projects and their costs (Docket

No. 211, Ex. E, hereinafter "Exhibit E").  There are no omitted projects listed in "Schedule B"

that are not in Exhibit E.  The markings on "Schedule B" appear to be indications that this

document is work product.  This Court finds that "Schedule B" is work product not subject to

production under the Stipulated Protective Order; Bridgeplatforms' motion to declare "Schedule

B" not privileged (Docket No. 209) is **denied**.  Bridgeplatforms is to return that document to

plaintiffs' counsel, pursuant to the terms of the Stipulated Protective Order and plaintiffs are to

note "Schedule B" in their privilege logs.

III.     Schedule for Discovery

Underlying this series of motions is Bridgeplatforms' desire to complete the discovery it seeks (to get whatever materials plaintiffs have as to their claimed lost profits) and implicit with this is sufficient time to both complete this discovery and to conduct discovery from third parties as to the extent (if any) of those losses.  While at one point not formally seeking an extension of time (while arguing for preclusion of the evidence, <u>see</u> Docket No. 218, Order of Mar. 12, 2012, at 2-3), it is clear that Bridgeplatforms now seeks time to complete its discovery.  Rather than await either plaintiffs' motion seeking an extension (<u>cf.</u> Docket No. 222, Defs. Atty. Affirm. ¶ 8) or reopening of the now passed discovery period, or further motion practice from Bridgeplatforms to establish a new schedule, this Court will set a new schedule to enable **completion of outstanding discovery regarding lost profits**.

Therefore, the Tenth Amended Scheduling Order (Docket No. 178) **is amended** as follows:

• all fact discovery shall be completed by **August 20, 2012**, included in this period is completion of Rule 30(b)(6) examinations of plaintiffs;

• expert reports due by **November 20, 2012**;

• rebuttal expert reports due by **February 20, 2013**;

• all expert discovery concludes by **March 20, 2013**;

• dispositive motions due **June 20, 2013**.

Final Pretrial Statements, Final Pretrial Conference and trial dates will be set (if necessary) in a separate Order from Judge Arcara.

8

IV.     Fees

The last issue is whether any party can recover its reasonable motion expenses as a

sanction for this wave of motion practice.  Here, plaintiffs seek to recover their motion expenses

(Docket No. 220, Pls. Atty. Decl. ¶ 10).  Rule 37(a)(5) requires the Court to impose on movants,

their attorneys or both, the reasonable expenses of opponents unless the motion was substantially

justified or other circumstances make imposition of sanctions unwarranted, Fed. R. Civ.

P. 37(a)(5)(B) (id.).  Bridgeplatforms' motions were substantially justified, lacking lost profits

evidence, Bridgeplatforms moved to preclude and clarify two sets of documents that were

produced (the authenticity of "Exhibit H," see Docket No. 218, Order of Mar. 12, 2012, at 4-5)

and privileged status of "Schedule B," decided in this Order).  While this discovery motion

practice has been extensive and Bridgeplatforms has not prevailed in much of these motions, the

motions **are not sanctionable**.  Therefore, recovery of motion expenses as a discovery sanction

here is **denied**.

CONCLUSION

On defendants' second motion (Docket No. 209) to declare as not privileged certain

documents contained in "Schedule B" (Docket No. 209), it is **denied**.  On their motion for

reconsideration (Docket No. 222) of the Order of March 12, 2012 (Docket No. 218), it is **denied**

**in part, granted in part** as stated above.  Plaintiffs' application to recover their reasonable

motion expenses in resisting this motion (Docket No. 220, Pls. Atty. Decl. ¶ 10) is **denied**;

parties are to bear their respective motion costs.

As indicated above (at page 8), an Amended Scheduling Order is entered herein.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
          May 14, 2012