```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------x
SAFESPAN PLATFORM SYSTEMS, INC.,      :
LAMBROS APOSTOLOPOULOS, and PAUL      :   06 Civ. 726A (JSR)
KRISTEN, INC.,                        :
                                      :   MEMORANDUM ORDER
     Plaintiffs,                      :
                                      :
          -v-                         :
                                      :
EZ ACCESS, INC., ANASTASIOS G.        :
HATSIOS, BRIDGEPLATFORMS, INC.,       :
GEORGE HATSIOS, and LINDA LEE NOLTE,  :
                                      :
     Defendants,                      :
                                      :
------------------------------------x
```



JED S. RAKOFF, U.S.D.J.

Plaintiffs Safespan Platform Systems, Inc., Lambros Apostolopoulos, and Paul Kristen Inc. bring this patent infringement action against defendants EZ Access, Bridgeplatforms Inc., Anastasios G. Hatsios, George Hatsios, and Linda Lee Noltee. Previously, Judge Arcara adopted the recommendation of Magistrate Judge Scott and resolved the liability portion of this litigation by finding that defendants infringed Safespan's '237 and '240 patents. On April 29, 2014, the case was reassigned to the undersigned, sitting by designation, to conduct a jury trial on damages and for all other remaining issues.

In advance of trial, scheduled to begin on July 14, 2014, both plaintiffs and defendants have submitted pre-trial motions in limine. Plaintiffs seek 1) to bar defendants from introducing an inequitable conduct defense; and 2) to exclude evidence of

1

defendants' financial condition. Defendants apply 1) to preclude the testimony of plaintiffs' expert witness Ray I. Throckmorton; and 2) to strike plaintiffs' claim for actual damages. Following review of the parties' written submissions, and after hearing oral argument on May 16, 2014, the Court has reached the following conclusions:

First, with respect to defendants' inequitable conduct defense, the parties are agreed that any such defense must be decided by the judge, not the jury. On the papers presently before the Court, the Court is very doubtful that any such defense premised on plaintiffs' alleged failure to provide the Patent and Trademark Office with certain information, is likely to succeed. See, e.g., Therasense, Inc. v. Becton, Dickinson, and Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011) ("Proving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive."). Nevertheless, on the current record, and given the representations made by defendants' counsel at oral argument, the Court cannot say that no rational finder of fact would find for defendants on this defense. Accordingly, if defendants still want to proceed with this defense (which may well prove to be an unwise use of their resources), the Court will conduct a bench trial on this defense while the jury is deliberating on damages and, if necessary, immediately thereafter. Defendants, however, must inform the Court and plaintiffs, in writing, by no later than June 4, 2014, of whether they intend to pursue the inequitable conduct defense.

Second, as to the introduction of evidence of the defendants' financial condition, the motion was resolved by consent at oral argument. See Transcript, May 16, 2014 (specifying the very limited and contingent circumstances that would open the door to such evidence).

Third, with respect to the Throckmorton testimony on royalty rates, Throckmorton will not be permitted to offer an estimate of appropriate royalty rates based on the licensing agreements entered into by Total Containment Systems ("TCS") since Throckmorton never examined any such agreement but instead relied on inadmissible hearsay as to the terms. However, Throckmorton will be permitted to testify as to average royalty rates in the construction industry.

Fourth, as for Throckmorton's testimony on lost profits, plaintiffs seek to introduce such testimony in two variants: 1) price erosion in contracts that plaintiffs competed for and received, but at a discount; and 2) lost profits from contracts that plaintiffs competed for but lost to defendants. Defendants argue that Throckmorton 1) simply assumes that but for defendants' presence, no price erosion would have taken place, thus ignoring non-infringing alternatives such as TCS; and 2) fails to show that, but for defendants' presence, plaintiffs would have received the lost contracts. "[T]o recover lost profits, the patent owner must show 'causation in fact,' establishing that 'but for' the infringement, he would have made additional profits. See, e.g., Grain Processing Corp. v. American-Maize Products Co., 185 F.3d

3

1341, 1349 (Fed. Cir. 1999). This but for inquiry "requires a reconstruction of the market," which, because it is "by definition a hypothetical enterprise . . . . requires sound economic proof." *Id.* at 250. Furthermore, a "fair and accurate reconstruction" of the market that accurately measures price erosion must also take into account "alternative actions the infringer would have undertaken." *Id.* Here, because of the absence of any economic proof establishing but for causation, Throckmorton will be permitted to testify to lost profits only with respect to contracts in which plaintiffs and defendants were the only two bidders.

    SO ORDERED.

Dated:    New York, NY  
           May 28, 2014

                                    JED S. RAKOFF, U.S.D.J.