```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------x
SAFESPAN PLATFORM SYSTEMS, INC.,      :
LAMBROS APOSTOLOPOULOS, and PAUL      :   06 Civ. 726A (JSR)
KRISTEN, INC.,                        :
                                      :   MEMORANDUM ORDER
     Plaintiffs,                      :
                                      :
       -v-                            :
                                      :
EZ ACCESS, INC., ANASTASIOS G.        :
HATSIOS, BRIDGEPLATFORMS, INC.,       :
GEORGE HATSIOS, and LINDA LEE NOLTE,  :
                                      :
     Defendants,                      :
                                      :
------------------------------------x
```

6/19/14

JED S. RAKOFF, U.S.D.J.

Plaintiffs Safespan Platform Systems, Inc., Lambros Apostolopoulos, and Paul Kristen Inc. bring this patent infringement action against defendants EZ Access, Bridgeplatforms Inc., Anastasios G. Hatsios, George Hatsios, and Linda Lee Noltee. Previously, Judge Arcara adopted the recommendation of Magistrate Judge Scott and resolved the liability portion of this litigation by finding that defendants infringed Safespan's '237 and '240 patents. On April 29, 2014, the case was reassigned to the undersigned, sitting by designation, to conduct a jury trial on damages and for all other remaining issues.

In advance of trial, which is firmly scheduled to begin on July 14, 2014, both plaintiffs and defendants submitted pre-trial motions in limine. The Court, in a subsequent Order, ruled, in part, that 1) that plaintiff's expert, Roy I. Throckmorton, would not be permitted

1

to offer an estimate of appropriate royalty rates based on the licensing agreements entered into by Total Containment Systems ("TC") because Throckmorton never examined any such agreement but instead relied on inadmissible hearsay evidence as to its terms; and 2) that Throckmorton would be permitted to testify to lost profits only with respect to contracts in which plaintiffs and defendants were the only two bidders. On June 10, 2014, plaintiffs submitted a motion for reconsideration of the above two decisions.

After carefully reviewing briefing by both plaintiffs and defendants, the Court concludes, based on plaintiffs' representation that Throckmorton has since personally examined the TCS patent licensing agreement, that Throckmorton will be permitted to offer an estimate at trial of appropriate royalty rates based on the examined agreement. However, Throckmorton must submit an amended report reflecting this examination by no later than June 27, 2014, and defendants will be permitted, if they choose, to conduct, by no later than July 10, 2014, a one-hour telephone deposition of Throckmorton limited to the subject matter of the changes.

As to the second ruling, the Court reaffirms its prior conclusion that Throckmorton will be permitted to testify to lost profits only with respect to contracts in which plaintiffs and defendants were the only two bidders. "To recover lost profits, the patent owner must show 'causation in fact,' establishing that 'but for' the infringement, he would have made additional profits. . . . When basing the alleged lost profits on lost sales, the patent owner

2

has an initial burden to show a reasonable probability that he would have made the asserted sales 'but for' the infringement." *Grain Processing Corp. v. American-Maize Products Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). However, "[t]he 'but for' inquiry . . . requires a reconstruction of the market, as it would have developed absent the infringing product . . . . Reconstructing the market, by definition a hypothetical enterprise, requires the patentee to project economic results that did not occur. To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture." *Id.* at 1350. Here, no such economic proof has been proffered, and thus plaintiff's initial burden to show a reasonable probability of lost profits but for the infringement has not been met.

SO ORDERED.

Dated:   New York, NY
         June 18, 2014

                                              /s/ Jed S. Rakoff
                                              JED S. RAKOFF, U.S.D.J.